**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DAMION LEWIS and DERRICK LEWIS,**
By and Through Their Conservator, **DIONNE LEWIS**                           **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 3:14-CV-450-TSL-JCG**

**HINDS COUNTY, MISSISSIPPI and
JOHN AND JANE DOES 1-100**                                               **DEFENDANTS**

### APPEAL OF MAGISTRATE JUDGE'S RULING GRANTING IN PART AND DENYING IN PART PLAINTIFFS' [71] and [27] MOTION TO CONTINUE

The Plaintiffs, Derrick and Damion Lewis ("Lewis brothers'), by and through counsel, appeal the Magistrate Judge's ruling denying the extension of the expert designation and written discovery deadline and present the following in support:

### FACTUAL AND PROCEDURAL BACKGROUND

1. The Lewis brothers and Markuieze' Che'Rod Bennett (hereinafter, "Bennett) were housed as pretrial detainees in the Hinds County Detention Center located in Raymond, Mississippi. On March 31, 2014 a riot erupted in the "A" Pod. The Lewis brothers were beaten and stabbed by numerous inmates and Markuieze' Che'Rod Bennett was killed.

2. This case was filed separately and then consolidated for discovery purposes only with *Shana Bennett, Individually and as Personal Representative on Behalf of the Wrongful Death Beneficiaries of Markuieze' Che'Rod Bennett;* In the United States District Court for the Southern District of Mississippi; Northern Division; Cause No. 3:14-cv-753-DPJ-JCZG before Magistrate Judge John Gargiulo.

3. The parties engaged in discovery over the last several months, both written and in the form of depositions. Despite the best efforts of Plaintiffs' counsel, all the depositions could not be completed by the discovery deadline. Both parties agreed to continue the trial dates,

which were July 6, 2015 for Bennett and August 3, 2015 for the Lewis Brothers. The parties agreed to continue most of the deadlines. The Defendant did not agree to extend the expert designation deadline.

4. The parties briefed the issue before Judge Gargiulo and a brief telephonic hearing was conducted. Subsequently, Judge Gargiulo entered an order granting the continuance and extending all deadlines with the exception of the expert designation deadline and the written discovery deadline.

5. The Plaintiffs argued in their motion that the expert designation deadline and discovery deadline should be reset with all the other deadlines. The Plaintiffs pointed out that as the case developed through further discovery, the need for additional experts could come to light. Additionally, trial strategy could change as well as the physical and mental condition of the Plaintiffs. Lastly, in every federal civil case in which undersigned counsel has been involved, when a continuance is granted, all deadlines are routinely moved. There was no reason to treat this case any differently.

6. The Plaintiffs also argued in their motion that discovery was still ongoing despite the Plaintiffs' best efforts to get it done. The Defendant[1] has failed to produce documents timely, necessitating numerous emails, phone calls, and letters to obtain them. Undersigned counsel did not wish to resort to filing motions to compel, instead choosing to work out the discovery issues without court intervention. This inevitably led to delayed document production and delayed depositions. In each deposition, new documents came to light which had not been produced by

---

[1] Defense counsel is not being accused of being uncooperative. However, obtaining documents from Hinds County has been problematic.

the Defendant. For example, former jailer Kendrick Denson was deposed[2] and testified that Markuieze' Che'Rod Bennett was responsible for causing the riot by opening cell doors. Denson was interviewed by the Mississippi Bureau of Investigation ("MBI") and failed to mention this important fact in his written statement to them. However, Denson stated that he had filled out a "disciplinary report" against Mr. Bennett in which he cited Mr. Bennett for opening cell doors. Denson testified that he turned the disciplinary report into his supervisor. Documents such as the "disciplinary report" were requested in discovery months ago. Given Denson's testimony, Plaintiffs' counsel will need to seek to depose inmates who were housed in the same Pod to determine if Mr. Bennett was, indeed opening the cell doors as alleged by Denson which could in turn lead to the need for additional discovery.

7. Plaintiffs' counsel has diligently attempted to complete discovery before the deadline. Thus far, the following depositions have been taken:

    (a) Plaintiff, Damion Lewis, November 11, 2014;

    (b) Plaintiff, Derrick Lewis, November 11, 2014;

    (c) Plaintiff, Dionne Lewis, November 11, 2014;

    (d) Warden Phil Taylor, November 19, 2014;

    (e) Chief Deputy William Christopher Picou, November 21, 2014;

    (f) Sheriff Tyrone Lewis, November 21, 2014;

    (g) Ronnie Robinson, January 22, 2015;

    (h) Dianne Gatson-Riley, January 22, 2015;

    (i) Rodrique Dillard, January 22, 2015;

    (j) Jonathan Brister, January 23, 2015;

---

[2] Denson was deposed after the discovery deadline by agreement. Denson's deposition was noticed on two (2) previous occasions prior to the discovery deadline, but his whereabouts were unknown to Plaintiffs' counsel. Denson was not located by Defense counsel until the discovery deadline was nearly over.

3

(k)  Marshall Pack, February 19, 2015;

(l)  David Redd, February 19, 2015;

(m)  Donald L. Leach, II, February 27, 2015;

(n)  Aerial Elverton, March 4, 2015;

(o)  Kendrick Denson, March 4, 2015;

(p)  Zenya Wright, March 27, 2015.

After deposing Sheriff Lewis, Deputy Picou and Warden Taylor in November, undersigned counsel sent a letter to defense counsel requesting certain items which had not been produced and also requesting dates for depositions. A copy of this letter is attached as Exhibit "A" and incorporated herein. As the Court can see, most of those depositions did not take place until over a month and a half <u>after</u> undersigned requested them. The documents which were requested were not delivered until January 8, 2015, and then only after undersigned had to resort to filing a motion to compel.

8. Judge Gargiulo agreed with the Defendant's argument that it would be prejudiced by the extensions of expert designation because of added expense and possibly lengthier continuances. Judge Gargiulo also refused to extend the discovery deadline with the exception of depositions. Judge Gargiulo did not state a specific reason for failing to extend the discovery deadline, despite Plaintiffs' argument that discovery was incomplete. The Plaintiffs object to these findings and request that the Court extend both the expert designation deadline.

**Standard of Review**

A district judge may modify or set aside a magistrate judge's order only if it is "clearly erroneous or contrary to law." *Fed. R. Civ. P*. 72(a); 28 U.S.C. § 636(b)(1)(A).

## Legal Argument

1. **Failure to extend discovery**

*Federal Rule of Civil Procedure* 16(b)(4) provides that a scheduling order may only be modified "for good cause and with the judge's consent." The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright. et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In other words, the party who seeks to modify a scheduling order deadline must show that, despite acting diligently, it will still be unable to meet that deadline. *Rivera v. County of Willacy*, [493] 2007 U.S. Dist. Lexis 41401, at *2 (S.D. Tex. June 6, 2007). Mere stipulations by the parties do not constitute good cause. 2007 U.S. Dist. Lexis 41401 at *3 (citing *Chiropractic Alliance of N.J. v. Parisi*, 164 F.R.D. 618, 621 (D.N.J. 1996)). "Neither the parties nor their counsel have the authority to stipulate or otherwise agree to changes in the Court's orders regarding discovery or any other scheduling matter unless expressly authorized to do so by Rule or by Court order." *Olgyay v. Society for Environmental Graphic Design,* 169 F.R.D. 219, 219 (D.D.C. 1996).

As demonstrated above, Plaintiffs' counsel has acted diligently but was unable to conclude discovery within the allotted deadline. Thus, "good cause" to extend the discovery deadline has been demonstrated. The magistrate judge's order must, therefore, be modified.

2. **Expert Deadline**

The Plaintiffs' timely designated one (1) jail expert, as well the treating physicians who attended to the Lewis brothers. The Defendant designated one (1) jail expert. At this time, the Plaintiffs do not anticipate the need for any other expert, but given the fact that the case has been

continued, that decision may change due to 1) a change in the Plaintiffs' physical or mental condition, and/or 2) trial strategy.

In the context of an untimely motion to submit expert reports, designate experts, or amend the pleadings, the Fifth Circuit Court of Appeals applies a four-factor balancing test to determine whether good cause exists: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997) (submit expert reports); *see Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (designate expert witnesses); *see S&W Enters., LLC,* 315 F.3d at 536 (amend the pleadings). At least one (1) district court in the Southern District of Texas has also utilized this test in the context of a motion to reopen discovery. *See United States v. McFerrin*, 2007 U.S. Dist. Lexis 91022, at *2 (S.D. Tex. Dec. 11, 2007) (citing *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)); *see also Carmona v. Carmona*, 2006 U.S. Dist. Lexis 88868, at *6-7 (S.D. Tex. Dec. 8, 2006) (citing *Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 227 (5th Cir. 2005)).

As to factor one (1), the Plaintiffs did not fail to designate an expert. Instead, the case was continued and the Plaintiffs requested that all deadlines be continued. As such, the Plaintiffs are simply requesting the *opportunity* to designate additional experts should that become necessary. Turning to factor two (2), the need to designate additional experts could be a very important for the Lewis Brothers' case should the need arise for a specific expert to be utilized depending upon the nature of their injuries. There would be no prejudice to the Defendant (factor three (3)) because the case has already been continued (factor four (4)).

## Conclusion

For the reasons set forth, the Plaintiffs request that the magistrate judge's ruling refusing to extend the discovery deadline and refusing to extend the designation of experts be modified.

RESPECTFULLY SUBMITTED, THIS the 23rd day of March, 2015.

                                       DAMION LEWIS and DERRICK LEWIS,
                                       PLAINTIFFS

                 BY:     */s/ Charles R. Mullins*_____
                             CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Charles R. Mullins, attorney of record for the Plaintiffs in the above-styled and referenced matter, do hereby certify that I have this date electronically filed the foregoing ***Appeal of Magistrate Judge's Ruling Granting in Part and Denying in Part Plaintiffs' [71] and ]27] Motion to Continue*** with the Clerk of Court utilizing the ECF System, which sent notice of same to the following:

> J. Lawson Hester, Esquire
> Jason E. Dare, Esquire
> WYATT, TARRANT & COMBS, LLP
> Post Office Box 16089
> Jackson, Mississippi 39236-6089
>
> Rajita Iyer Moss, Esquire
> Bob Owens, Esquire
> OWENS MOSS, PLLC
> Post Office Box 808
> Jackson, Mississippi 39205-0808

THIS, the 23rd day of March, 2015.

> */s/ Charles R. Mullins*_____
> CHARLES R. MULLINS