**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **DAMION LEWIS and DERRICK LEWIS,** By and Through Their Conservator, **DIONNE LEWIS** | **PLAINTIFFS** |
| v. | Civil Action No. 3:14-cv-450-TSL-JCG |
| **HINDS COUNTY, MISSISSIPPI, ET AL** | **DEFENDANTS** |
| **AND** | |
| **SHANA BENNETT, Individually and as** Personal Representative on Behalf of the Wrongful Death Beneficiaries of **MARKUIEZE' CHE'ROD BENNETT** | **PLAINTIFF** |
| v. | Civil Action No. 3:14-cv-753-DPJ-JCG |
| **HINDS COUNTY, MISSISSIPPI ET AL** | **DEFENDANTS** |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' APPEAL OF**
**MAGISTRATE JUDGE'S RULING GRANTING IN PART AND DENYING IN PART**
**PLAINTIFFS' [71] and ]27] MOTION TO CONTINUE**

**NOW COMES**, Defendant, Hinds County, Mississippi, by and through the undersigned counsel of record, and in opposition to Plaintiffs' Appeal of the Magistrate Judge's Ruling Granting In Part and Denying In Part Plaintiffs' [71] and [27] Motion to Continue, states as follows:

I. **INTRODUCTION & STATEMENT OF FACTS.**

Plaintiffs, Damion Lewis and Derrick Lewis, by and through their Conservator, Dionne Lewis, filed suit on June 6, 2014, while Plaintiff, Shana Bennett, individually and as personal representative on behalf of the wrongful death beneficiaries of Markuieze' Che'rod Bennett, filed suit on September 25, 2014. After the two causes of action were

consolidated for discovery purposes only, this Court entered a scheduling order that provided for the following deadlines:

    a.    Motions for Amended Pleadings due by 11/26/2014;

    b.    Motions for Joinder of Parties due by 11/26/2014;

    c.    Designate Experts Plaintiff Deadline due by 11/28/2014;

    d.    Designate Experts for Defendant Deadline due by 12/29/2014;

    e.    Discovery due by 1/30/2015; and

    f.    Motions due by 2/10/2015.

*Text-Order* (10/27/2014). On February 2, 2015, the most recent scheduling order was entered via text-order, which extended the deadlines to the following:

    a.    Designate Experts for Defendant Deadline due by 2/9/2015;

    b.    Discovery due by 2/27/2015; and

    c.    Motions due by 3/6/2015.

On December 12, 2014, Plaintiffs designated one retained expert to support their claims – Donald Leach, designated as a law enforcement / jail management expert. *See* [39] *Notice of Service*. The undersigned counsel for Hinds County deposed Mr. Leach in Sandy, Utah on February 27, 2015. *See* [61] *Notice of Deposition*. Plaintiffs specifically chose not to retain and/or designate a medical expert to opine regarding current or future medical needs and/or expenses, if any, as to Derrick and Damion Lewis. Plaintiffs also specifically chose not to retain and/or designate an economist to discuss past, present or future lost wages or loss of support type damages suffered by Derrick Lewis, Damion Lewis and/or the Estate of Markuieze' Bennett, if any. Accordingly, Hinds County retained the services of a law enforcement / jail management expert – Edward Hargett – as its only retained expert.

On March 5, 2015, Plaintiffs filed their [71] and [27] Motion to Continue, yet did not attach any documents to same. The only argument made in Plaintiffs' Motion to Continue is restated in its entirety as follows:

> As discovery unfolds, a need for additional experts could become necessary. In addition, the parties' trial strategy could change necessitating additional experts. Neither party would be prejudiced by extending the expert designation deadline since the trial itself would be continued. However, preventing the parties from being able to designate additional experts, should that need arise, would be extremely prejudicial.

[27] *Motion*; [71] *Motion*.

As of the filing of Plaintiffs' Appeal of Magistrate Judge's Ruling Granting In Part and Denying In Part Plaintiffs' [71] and [27] Motion to Continue, Plaintiffs have conducted all fact depositions that they previously requested of Hinds County's witnesses, but have not been able to identify whether they will require the services of further expert witnesses. Instead, Plaintiffs argue that "[a]t this time, the Plaintiffs do not anticipate the need for any other expert, but given the fact that the case has been continued, that decision may change due to 1) a change in the Plaintiffs' physical or mental condition, and/or 2) trial strategy." *Appeal*, pgs. 5-6 of 8.

Because Plaintiffs have not shown that Magistrate Judge John C. Gargiulo's discovery order was clearly erroneous or contrary to law, Hinds County respectfully requests that Plaintiffs' appeal of the Magistrate Judge's discovery order be overruled.

II. **LEGAL PRECEDENT & ANALYSIS.**

    A. <u>Standard of Review</u>.

Under the authority of 28 U.S.C. §636(b)(1)(A), a district court "may designate a magistrate to hear and determine any pretrial matter pending before the Court." *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). Similarly, Fed. R. Civ. P. 72(a) provides that:

3

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*Grose v. Napolitano*, No. 1:11cv227-HSO-JMR, 2013 WL 3095012, at *5-*6 (S.D. Miss. June 18, 2013) (quoting FED. R. CIV. P. 72(a); citing L.U. CIV. R. 72(a)(1)(B)).

Pretrial matters within the jurisdiction of a magistrate judge include matters unconnected with the issues to be litigated at trial. *U.S. v. Flaherty*, 668 F.2d 566, 586 (1st Cir. 1981) ("A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of the trial."). Additionally, there are certain listed exceptions to this authority for civil actions: (1) motions for injunctive relief; (2) motions to remand; (3) motions for judgment on the pleadings; (4) motions for summary judgment; (5) motions to dismiss/permit maintenance of a class action; (6) motions to dismiss for failure to state a claim upon which relief can be granted; (7) motions to involuntarily dismiss an action; (8) motions *in limine* regarding evidentiary matters, and (9) motions affecting the rulings on dispositive motions pending before a district judge. L.U. CIV. R. 72(d).

When a magistrate judge determines a non-exempted, pending pretrial matter, the District Court has authority to "reconsider" the determination under a limited standard of review. *Costillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); *see also Thompson v. Direct Outdoor Products*, No. 1:11cv137-SA-DAS, 2012 WL 3906722, at *1 (N.D. Miss. Sept. 7, 2012) (citing L.U. CIV. R. 72(a)(1)(B); FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *O'Neal v. Cazes,* 257 F. App'x 710, 717 (5th Cir. 2007)). Under this standard, the magistrate judge's

4

determination may be overturned by the District Court only if it is "clearly erroneous or contrary to law." *Id.*

A district judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and submit to a judge of the Court proposed findings of fact and recommendations for the disposition, by a judge of the Court. *Pastorini-Bosby Talent, Inc. v. Screen Actors Guild, Inc.*, 81 F.3d 156 (5th Cir. 1996). Thereafter, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Thompson*, 2012 WL 3906722, at *1 (quoting FED. R. CIV. P. 72(b)). Under 28 U.S.C. §636(b)(1)(B), a district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

Plaintiff's Motion to Continue with regards to extending the discovery and expert designation deadlines is the type of general, pre-trial motion that a magistrate judge is empowered to entertain and rule upon pursuant to L.U. CIV. R. 72, which would mean that any review on appeal would be under the "clearly erroneous or contrary to law" standard. "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Verso Paper, LLC v. HireRight, Inc.*, No. 3:11cv628-CWR-LRA, 2012 WL 2376046, at *4 (S.D. Miss. June 22, 2012) (quoting *Am. Cancer Soc. v. Cook*, 675 F.3d 524, 528 (5th Cir. 2012)). "Under the clear error standard, this Court may not reverse a factual finding because it would have decided the matter differently, and its function is not to decide factual issues *de novo*." *Verso Paper*, 2012 WL 2376046, at *4 (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985)).

b. <u>Whether Magistrate Judge Gargiulo's Order denying an extension of the discovery and expert designation deadlines was "clearly erroneous or contrary to law"</u>.

Pursuant to the Local Rules of this Court, a party must show "just cause" in order to have his or her expert designation deadline extended so that that party may designate a new expert. *See Faulstick v. S. Tire Mart, LLC*, No. 2:13cv65-KS-MTP, 2014 WL 3908143, at *2 (S.D. Miss. Aug. 11, 2014) (quoting L.U. CIV. R. 26(a)(2)). As correctly pointed out by Plaintiffs in their Appeal, a discovery deadline may be extended only by a showing of "good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Plaintiffs made no attempt to make such a showing to the Magistrate Judge in their [71] and [27] Motion to Continue.

For the first time on appeal, Plaintiffs argue that they did not receive discovery from Hinds County after making a request through written correspondence dated December 1, 2014. [78-1] *Correspondence*; [27-1] *Correspondence*. Plaintiffs then allege that "[t]he documents which were requested were not delivered until January 8, 2015, and then only after undersigned had to resort to filing a motion to compel." *Plaintiffs' Appeal*, pg. 4 of 8. Because none of these arguments were made to the Magistrate Judge, nor were these facts placed at issue by Plaintiffs, they cannot be considered for the first time on appeal from the Magistrate Judge's ruling. *Verso Paper*, 2012 WL 2376046, at *6 (citing *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005)).

Even if these arguments and facts were considered by the Court on appeal from the Magistrate Judge's ruling, the Magistrate Judge's ruling should not be reversed. The correspondence that Plaintiffs' attached to their appeal is not in the form prescribed by FED. R. CIV. P. 34, and accordingly, Hinds County was under no obligation or duty to produce

6

documents in response to the correspondence. Moreover, after a thorough review of the dockets in both of these consolidated cases, the undersigned counsel can find no reference to a motion to compel that was filed by Plaintiffs or granted by the Court.

Plaintiffs failed to put any facts before the Magistrate Judge that would evidence good cause or just cause for an extension of written discovery and/or the expert designation deadlines. The mere fact that the Court continued the trials in these consolidated cases does not *per se* result in an entirely new discovery deadline and expert designation deadline. Plaintiffs were aware of their expert designation deadline that was in existence as of December of 2014, and knew the elements of the case that they had to prove against Hinds County. The fact that Plaintiffs may now wish to retain additional experts, such as medical experts to opine about Plaintiffs' injuries, is not premised on the discovery provided by Defendants. Instead, Plaintiffs merely would like to supplement their expert disclosures with additional experts, which has been found to be impermissible by the Fifth Circuit. *See Winfun v. Daimler Chrysler Corp.*, 255 F. App'x 772, 773 (5th Cir. 2007) (citing *Boudreaux v. U.S.*, 280 F.3d 461, 469 n. 4 (5th Cir. 2002); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 569 (5th Cir. 1996)).

Moreover, Plaintiffs had ample opportunity during the discovery period in this litigation to propound their allotted interrogatories, requests for production and requests for admission. Plaintiffs have shown no reason or good / just cause to justify an extension of the written discovery deadline, and has failed to show that the Magistrate Judge's limited extension of the discovery deadline for the purposes of depositions was clearly erroneous. Accordingly, Hinds County respectfully requests that this Court affirm the Magistrate Judge's discovery orders as written.

7

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Hinds County, Mississippi, prays that this Court overrule Plaintiffs' Appeal of Magistrate Judge's Ruling Granting In Part and Denying In Part Plaintiffs' [71] and [27] Motion to Continue, and affirm the Magistrate Judge's rulings at issue.

**RESPECTFULLY SUBMITTED,** this 6th day of April, 2015.

                                    **HINDS COUNTY, MISSISSIPPI – DEFENDANT**

                                    **BY:**    */s/ Jason E. Dare*
                                                      **JASON E. DARE**

**OF COUNSEL:**

J. Lawson Hester (MSB No. 2394)
lhester@wyattfirm.com
Jason E. Dare (MSB No. 100973)
jdare@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone:     (601) 987-5300
Facsimile:       (601) 987-5353

8

# **CERTIFICATE OF SERVICE**

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true of and correct copy of the pleading to the following:

Charles Richard Mullins, Esq. (chuckm@coxwelllaw.com)
Merrida P. Coxwell , Jr., Esq. (merridac@coxwelllaw.com)
COXWELL & ASSOCIATES, PLLC
P. O. Box 1337
500 North State Street (39201)
Jackson, MS 39215-1337

Gerald A. Mumford, Esq. (gmumfordlaw@gmail.com)
THE MUMFORD LAW FIRM, PLLC
P. O. Box 683
Jackson, MS 39205

**THIS,** the 6th day of April, 2015.

                                           /s/  Jason E. Dare
                                           **JASON E. DARE**