# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DAMION LEWIS and DERRICK LEWIS,**                                        **PLAINTIFFS**
By and Through Their Conservator, **DIONNE LEWIS**

**v.**                                                   **Civil Action No. 3:14cv450-TSL-JCG**

**HINDS COUNTY, MISSISSIPPI and**
**JOHN AND JANE DOES 1-100**                                        **DEFENDANTS**

**AND**

**SHANA BENNETT, Individually and as**                              **PLAINTIFF**
Personal Representative on Behalf of the
Wrongful Death Beneficiaries of
**MARKUIEZE' CHE'ROD BENNETT**

**v.**                                                **Civil Action No. 3:14cv753-DPJ-JCG**

**HINDS COUNTY, MISSISSIPPI and**
**JOHN AND JANE DOES 1-100**                                          **DEFENDANTS**

_____

## MOTION FOR SUMMARY JUDGMENT
_____

**NOW COMES**, Defendant, Hinds County, Mississippi, by and through the undersigned counsel of record, and file this, its Motion for Summary Judgment. In support thereof, Defendant would show the Court as follows:

1. Plaintiffs, Damion Lewis and Derrick Lewis, by and through their Conservator, Dionne Lewis, filed suit on June 6, 2014, while Plaintiff, Shana Bennett, individually and as personal representative on behalf of the wrongful death beneficiaries of Markuieze' Che'rod Bennett, filed suit on September 25, 2014.

2. Plaintiffs have not alleged state law claims, but instead have only brought Eighth Amendment and Fourteenth Amendment claims for failure to protect brought pursuant to the procedural vehicle of 42 U.S.C. § 1983.

3. Plaintiffs specifically seek relief in the form of compensatory damages and pre-judgment / post judgment interest related to alleged injuries suffered during an altercation at the Hinds County Detention Center in Raymond, Mississippi ("Raymond Detention Center" or "RDC") on March 31, 2014.

4. Hinds County is entitled to summary judgment as the there is no evidence of a custom, policy or practice attributable to this Defendant Hinds County that was the "moving force" behind the alleged violation of Plaintiffs' constitutional rights. *see Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

5. "Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Robinson v. Saucier*, 2011 WL 5444166, at *2 (S.D. Miss. Nov. 9, 2011) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

6. The policies and procedures of Hinds County related to the Raymond Detention Center applicable to this litigation are attached hereto. There is no indication that any of these policies and procedures are unconstitutional as written, or that they were the moving force behind any alleged constitutional violation.

7. The pre-service orientation of detention officers at the Raymond Detention Center, coupled with their certifications through the State of Mississippi, exceed the training required by the State of Mississippi, Board on Jail Officers Standards and Training. Moreover, it is uncontested that the training policies, procedures and practices at the

Raymond Detention Center meet the minimum standards required by Mississippi law. Because Plaintiffs cannot show that the legally minimum training was inadequate "to deal with the 'usual and recurring situations' faced by jailers and peace officers," any failure to train claim brought by Plaintiffs must fail. *O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. 2009) (quoting *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)).

8. The record before this Court is devoid of any proof that anyone with Hinds County acted with deliberate indifference toward Plaintiffs. *Tyson v. Jones Co.,* 2008 WL 4602788, at *3 (S.D. Miss Oct. 15, 2008) (citing *Hare*, 74 F.3d at 647-48).

9. Plaintiffs have likewise failed to produce any document or tangible item during discovery that would evidence that their constitutional rights were violated in regards to their episodic acts or omissions case brought under the Fourteenth Amendment and pursuant to § 1983.

10. Plaintiffs cannot show the required causal link between any alleged constitutional violations and the customs, policies and practices of Hinds County at issue in this litigation. *See Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001) ("*Monell* describes the high threshold of proof by stating that the policy must be the "moving force" behind the violation. *Monell*, 436 U.S. at 694….").

11. Any and all calculations of pre-judgment interest against Hinds County under § 1983 are analyzed under state law, and Hinds County is immune from pre-judgment interest pursuant to MISS. CODE ANN. § 11-46-15(2). *Pressey v. Patterson*, 898 F.2d 1018, 1026 (5th Cir. 1990).

12. Premised on all of the foregoing, either separately or together as a whole,

Hinds County is entitled to summary judgment on all of Plaintiffs' federal claims against it.

13. For these reasons and all case law precedent and analysis in this Defendant's Memorandum of Authorities in support of this Motion, Hinds County, Mississippi respectfully requests that any and all federal and state law claims against it be dismissed with prejudice.

14. In support of its Motion for Summary Judgment, Hinds County, Mississippi relies upon and submits for the Court's consideration the following exhibits:

- a. **Exhibit 1** - *Lewis* Complaint;
- b. **Exhibit 2** - *Lewis* Amended Complaint;
- c. **Exhibit 3** - *Bennett* Complaint;
- d. **Exhibit 4** - Damion Lewis Inmate Records;
- e. **Exhibit 5** - Derrick Lewis Inmate Records;
- f. **Exhibit 6** - Bennett Inmate Records;
- g. **Exhibit 7** - Inmate Bed Count;
- h. **Exhibit 8** - Post Assignment;
- i. **Exhibit 9** - Deposition of Jonathan Brister;
- j. **Exhibit 10** - Deposition of Kendric Denson;
- k. **Exhibit 11** - Deposition of Rodrique Dillard;
- l. **Exhibit 12** - Deposition of Dianne Gatson-Riley;
- m. **Exhibit 13** - Deposition of Sheriff Tyrone Lewis;
- n. **Exhibit 14** - Deposition of David Redd;
- o. **Exhibit 15** - Affidavit of David Redd;
- p. **Exhibit 16** - Deposition of Ronnie Robinson;

| | q. | **Exhibit 17** | - | Deposition of Phil Taylor; |
| | r. | **Exhibit 18** | - | Deposition of Zenya Wright; |
| | s. | **Exhibit 19** | - | Affidavit of Zenya Wright; |
| | t. | **Exhibit 20** | - | 2012 Policies & Procedures; |
| | u. | **Exhibit 21** | - | 2014 Policies & Procedures; |
| | v. | **Exhibit 22** | - | Post Orders; and |
| | w. | **Exhibit 23** | - | Aerial Elverton Personnel File. |

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Hinds County, Mississippi, prays that this Court grant its Motion for Summary Judgment and dismiss any and all of Plaintiffs' claims against it with prejudice.

**RESPECTFULLY SUBMITTED,** this 15th day of June, 2015.

                    **HINDS COUNTY, MISSISSIPPI – DEFENDANT**

            **BY:**     */s/ Jason E. Dare*
                      **JASON E. DARE**

**OF COUNSEL:**

J. Lawson Hester (MSB No. 2394)
lhester@wyattfirm.com
Jason E. Dare (MSB No. 100973)
jdare@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone:   (601) 987-5300
Facsimile:    (601) 987-5353

# **CERTIFICATE OF SERVICE**

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which sent a true of and correct copy of same to the following:

Charles Richard Mullins, Esq. ([chuckm@coxwelllaw.com](mailto:chuckm@coxwelllaw.com))
Merrida P. Coxwell , Jr., Esq. ([merridac@coxwelllaw.com](mailto:merridac@coxwelllaw.com))
COXWELL & ASSOCIATES, PLLC
P. O. Box 1337
500 North State Street (39201)
Jackson, MS 39215-1337

Gerald A. Mumford, Esq. ([gmumfordlaw@gmail.com](mailto:gmumfordlaw@gmail.com))
THE MUMFORD LAW FIRM, PLLC
P. O. Box 683
Jackson, MS 39205

**THIS,** the 15th day of June, 2015.

                                     _/s/ Jason E. Dare_
                                     **JASON E. DARE**