IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAMION LEWIS and DERRICK LEWIS,
By and Through Their Conservator, DIONNE LEWIS                    PLAINTIFFS

VS.                                                CAUSE NO. 3:14-CV-450-TSL-JCG

HINDS COUNTY, MISSISSIPPI and
JOHN AND JANE DOES 1-100                                          DEFENDANTS

CONSOLIDATED WITH

SHANA BENNETT, Individually and as
Personal Representative on Behalf of the
Wrongful Death Beneficiaries of
MARKUIEZE' CHE'ROD BENNETT                                         PLAINTIFF

VS.                                                CAUSE NO. 3:14-CV-753-DPJ-JCG

HINDS COUNTY, MISSISSIPPI and
JOHN AND JANE DOES 1-100                                          DEFENDANTS

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR AN ADVERSE INFERENCE INSTRUCTION

The Defendant uses an interesting phrase to describe the actions of its former employee Kendric Denson: "Denson *claimed* he submitted a discipline report...and turned it over to his supervisor." Defendant's Response, p. 1. (emphasis supplied). By using the word "claimed" it is as if the Defendant, or at least the Defendant's attorneys, harbor doubts as to whether Denson actually generated the report as he claims. This is "part and parcel" of the Plaintiffs' argument concerning Denson's proposed testimony.

Denson *claims* he generated the report and turned the report over to his supervisor. The Defendant *claims* that they cannot find the report, yet they seek to utilize the testimony in that report in an attempt to advance their theory that Markuieze' Bennett started the riot. Yet, the only written statement in existence from Denson fails to mention anything about Bennett by name, much less that he helped start the riot.

The best evidence of what happened would be the disciplinary report Denson said he produced. The Defendant captures the essence of this issue in paragraph 8 of its motion:

> Hinds County intends to put on proof at trial that Bennett was the initial instigator of the March 31, 2014 riot, while Plaintiffs seek to limit this proof. ***If the document existed that confirmed Denson's testimony, it would assist Hinds County's case and would hurt Plaintiffs' case***.

Yes, if the document ***can be found and supported Denson's testimony*** it could be helpful to the Defendant. But the point of the entire argument is that the document cannot be found. Yet, the Defendant wants to be able to use Denson's testimony regardless of the missing statement. The Plaintiffs would be powerless to test, i.e., impeach, discredit, Denson's assertions contained within the statement since it cannot be found.

The Defendant contends that Denson is a "fact witness" and should therefore be allowed to testify as to his "first-hand knowledge". However, this argument ignores the "best evidence rule" which prohibits the Defendant from utilizing Denson's testimony concerning what he alleges he wrote in the statement. Under the "best evidence rule" the proponent of the statement (the Defendant Hinds County) must produce the writing to prove its contents. *F.R.E.* 1002. If the writing is lost or destroyed in good faith, then other evidence of the writing's content is admissible. *F.R.E.* 1004(1). However, as with other issues of fact, the trier of fact must determine whether the asserted original ever existed and whether the other evidence accurately reflects the original's contents. *F.R.E.* 1008.

By the Defendant's attorneys use of the word "claim" they seem to doubt that the statement exists. Putting this aside for the moment, the Defendant has no other evidence to prove the statement's contents. *See* collection of cases finding evidence inadmissible under the "best evidence" rule because the proponent of the pivotal evidence was attempting to admit secondary evidence to prove a ***specific term or content or because the proponent had destroyed***

***a specific portion of a contract:*** *Cartier v. Jackson*, 59 F.3d 1046, 1048-49 (10th Cir. 1995) (finding the plaintiff in a copyright action could not rely on secondary evidence to prove what is "best" evidenced through the actual demo tapes of the songs claimed to be copyrighted); *Seiler v. Lucasfilm, Ltd.,* 808 F.2d 1316, 1319 (9th Cir. 1986) (plaintiff's drawings in a copyright infringement case were the best evidence of alleged infringement), cert. denied, 484 U.S. 826, 98 L. Ed. 2d 53, 108 S. Ct. 92 (1987); *Sylvania Elec. Prod., Inc. v. Flanagan*, 352 F.2d 1005, 1008 (1st Cir. 1965) (holding inadmissible secondary evidence of truck hour records where the best evidence of the plaintiff's performance of work for which he sought recovery were tally sheets made for the specific purpose of recording such performance); *Consolidated Coke Co. v. Comm'r of Internal Revenue*, 25 B.T.A. 345, 358 (1932) (party "causing the minutes to be removed from the minute book and destroyed" could not rely on secondary evidence), aff'd, 70 F.2d 446 (3d Cir. 1934). "Application of the rule should turn 'upon the trial judge's determination of such factors as the centrality of the writing to the litigation, the importance of bringing the precise words of the writing before the trier, and the danger of mistransmission or imposition in the absence of the original'. Although a court must be careful in applying these factors so as not 'to hamper the inquiry without at all advancing the cause of truth[.]'" *R.R. Mgmt. Co. LLC v. CFS La. Midstream Co.,* 428 F.3d 214, 219, 2005 U.S. App. LEXIS 21868, *9-10, 68 Fed. R. Evid. Serv. (Callaghan) 565 (5th Cir. Tex. 2005) quoting *United States v. Manton*, 107 F.2d 834, 845 (2d Cir. 1939)(Sutherland, J., sitting as circuit judge).

There is no doubt that the Defendant seeks to prove the contents of the statement in question through Denson's testimony. As such, the Defendant must produce the document. This it cannot do. As such, the testimony cannot be allowed.

**CONCLUSION**

For the reasons stated above, the Court must either grant the adverse inference instruction, or a similar instruction advising the jury of what it must do with regards to the missing statement, or refuse to allow the Defendant to utilize Denson's testimony regarding Bennett allegedly inciting the riot.

RESPECTFULLY SUBMITTED, THIS the 6th day of July, 2015.

                              DAMION LEWIS and DERRICK LEWIS, By and Through Their Conservator, DIONNE LEWIS, and SHANA BENNETT, PLAINTIFFS

BY: */s/ Charles R. Mullins*_____
       CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MERRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com
merridac@coxwelllaw.com
***Attorneys for Plaintiffs***

# CERTIFICATE OF SERVICE

I, Charles R. Mullins, attorney of record for the Plaintiffs in the above-styled and referenced matter, do hereby certify that I have this date electronically filed the foregoing ***Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for an Adverse Inference Instruction*** with the Clerk of Court utilizing the ECF System, which sent notice of same to the following:

>J. Lawson Hester, Esquire
>Jason E. Dare, Esquire
>WYATT, TARRANT & COMBS, LLP
>Post Office Box 16089
>Jackson, Mississippi 39236-6089
>lhester@wyattfirm.com
>jdare@wyattfirm.com
>
>Rajita Iyer Moss, Esquire
>Bob Owens, Esquire
>OWENS MOSS, PLLC
>Post Office Box 808
>Jackson, Mississippi 39205-0808

THIS, the 6th day of July, 2015.

>/s/ Charles R. Mullins_____
>CHARLES R. MULLINS